# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES LAWTON ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WEIL FOOT & ANKLE ) <br> INSTITUTE, LLC and SWEDISH ) <br> COVENANT HOSPITAL, ) <br> ) <br> Defendants. ) <br> ) <br> WEIL FOOT & ANKLE ) <br> INSTITUTE, LLC, ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES LAWTON ) <br> ) <br> Counter-Defendant. ) | No. 17 CV 00297 <br><br> Judge Jorge L. Alonso |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James Lawton, sues defendants, Weil Foot & Ankle Institute, LLC and Swedish Covenant Hospital, asserting claims of disability discrimination and retaliation under 42 U.S.C. § 12101, *et seq*, as well as certain state-law causes of action, including breach of employment agreement, tortious interference with prospective business advantage, and tortious interference with contract. This case is before the Court on defendant Swedish Covenant Hospital's motion to dismiss certain of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the motion in part and denies it in part.

## BACKGROUND

According to the allegations of the complaint, plaintiff is a seventy-two-year-old podiatrist who was employed by Weil Foot & Ankle Institute, LLC ("Weil") from May 9, 2006, until his termination on May 4, 2015. (Am. Compl. ¶¶ 15, 36, ECF No. 47.) Plaintiff fell behind in his work due to a painful condition that required surgery on a ruptured disk in his neck on March 9, 2015, but Weil did not offer plaintiff additional time off or any other such accommodation. (*Id.* ¶¶ 23, 29.) Plaintiff filed a Charge of Discrimination with the EEOC against Weil on November 25, 2015, alleging that he had been discriminatorily discharged on the basis of disability. (*Id.* ¶ 10.) Plaintiff filed his complaint in this case upon receipt of the EEOC's notice of right to sue on January 13, 2017. (*Id.* ¶ 12.)

Plaintiff was also employed by Swedish Covenant Hospital ("the Hospital"), as the Co-Director of Podiatric Residency, from July 25, 2014, until his termination on October 1, 2017. (*Id.* ¶¶ 38, 48.) Plaintiff alleges that on February 14, 2017, he was called into a meeting with the Hospital's Chief Medical Officer, Dr. McNulty; Chief Academic Officer, Dr. Gluck; and the Co-Director of the Hospital's Podiatric Residency Program, Dr. Amarantos. (*Id.* ¶ 43.) Dr. Amarantos was also a member of Weil. (*Id.* ¶ 39.) Plaintiff expected the meeting would be about the Podiatric Residency Program, but instead, Dr. McNulty and Dr. Gluck asked plaintiff whether he and Dr. Amarantos were having "communication problems and why there seemed to be hostility." (*Id.* ¶ 43.) Before plaintiff could respond, Dr. Amarantos yelled, "Of course I'm upset! [Plaintiff] is suing me in Federal Court and it is costing me a lot of money in legal fees." (*Id.*) Plaintiff did not respond, and Dr. Gluck stated that "the lawsuit matter was between Dr. Amarantos and [p]laintiff." (*Id.* ¶ 44.) Sometime thereafter, Dr. McNulty told plaintiff that Dr. Amarantos had informed Dr. McNulty of the pending lawsuit prior to the meeting on February 14, 2017. (*Id.* ¶ 45.)

After the meeting on February 14, 2017, Dr. Amarantos allegedly became increasingly hostile toward plaintiff (*id.* ¶¶ 43, 46), made program changes without plaintiff's knowledge (*id.*), complained that he was unable to work with plaintiff because of the lawsuit against Weil (*id.* ¶ 98), and urged the Hospital to fire plaintiff. (*Id.* ¶ 101.)

On September 1, 2017, plaintiff received a termination notice from the Hospital, effective October 1, 2017. (*Id.* ¶¶ 47-49.) Plaintiff filed another Charge of Discrimination with the EEOC on or about October 16, 2017, against Weil and the Hospital. (*Id.* ¶ 49.) He received the EEOC's notice of right to sue on February 26, 2018, and timely filed his amended complaint. (*Id.* ¶¶ 50-51.)

In his amended complaint, plaintiff asserts claims against the Hospital for violation of the Americans with Disabilities Act ("ADA") and breach of employment agreement. In Count V, captioned as "Retaliation (Hospital)," plaintiff claims that the Hospital fired plaintiff because plaintiff engaged in a "protected activity by filing with the EEOC and subsequently filing a federal lawsuit for Weil's discrimination because of [p]laintiff's disability" (*id.* ¶ 96-97), in violation of 42 U.S.C. § 12203. (*Id.* ¶ 1.) In Count VII, captioned "Breach of Employment Agreement (Hospital)" plaintiff claims the Hospital "breached the employment agreement by never providing professional liability insurance coverage" for plaintiff. (*Id.* ¶ 132.) Plaintiff seeks to be compensated for lost wages and other damages.

## DISCUSSION

The Hospital moves to dismiss plaintiff's ADA retaliation claim and breach of employment agreement claim.

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a

pleading that states a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what the claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal citation altered)), and the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. Stated differently, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## I. RETALIATION

The ADA prohibition against retaliation states, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." 42 U.S.C. § 12203. "In order to prove a claim of retaliation, the employee must show: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse action; and (3) a causal connection between the two." *Bd. of Trs., Moraine Valley Cmty. Coll., Dist. No. 524*, 795 F.3d 698, 701 (7th Cir. 2015).

Defendant contends that plaintiff's ADA retaliation claim should be dismissed because plaintiff has not pleaded facts sufficient to establish a causal link between the lawsuit against Weil and his termination from the Hospital. (*See* Reply Br. at 2, ECF No. 66.) Alternatively, defendant contends that even if plaintiff has pleaded sufficient facts, the retaliation claim should be dismissed because he has "failed to provide any authority entitling him to sue a third-party employer for retaliation under the Americans with Disabilities Act." (*Id.* at 4.)

### A. Failure to State a Claim

> For purposes of a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint are taken as true and all inferences are drawn in favor of the non-moving party. *In re marchFIRST Inc.,* 589 F.3d 901, 904 (7th Cir. 2009). . . . The amount of detail required to meet this threshold varies with the complexity of the issues raised by the complaint. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). In the Title VII context, the Seventh Circuit has described the necessary pleading detail as "minimal." *Id.* at 1084.

*EEOC v. Rosebud Restaurants, Inc.*, 85 F. Supp. 3d 1002, 1004-05 (N.D. Ill. 2015).

Defendant argues that plaintiff's complaint does not contain sufficient details as to the causal link between the alleged protected activity and plaintiff's termination because it fails to detail the content of Dr. Amarantos's complaints, to whom they were made, or how they affected plaintiff's relationship with the Hospital. (Reply at 3-4.) Defendant also argues that plaintiff did not provide enough information regarding Dr. Amarantos's ability to influence the Hospital's decision regarding termination. (*Id.*)

It is true that many of plaintiff's allegations concerning Dr. Amarantos's behavior are made, apparently, on information and belief. But plaintiff describes participating in a meeting in which Dr. Amarantos specifically admitted to hostility to plaintiff based on his lawsuit against Weil, which had damaged his ability to work with plaintiff. (Am. Compl. ¶ 43.) Assuming the truth of this and plaintiff's other factual allegations, a reasonable factfinder could agree with plaintiff that the "claims concerning plaintiff's protected activity strained plaintiff's relationship with the Hospital . . . and led to the Hospital terminating plaintiff." (*Id.* ¶ 98.) *See Tamayo*, 526 F.3d at 1084; *Hunt-Golliday v. Metro. Water Reclamation Dist. of Greater Chi.*, 104 F.3d 1004, 1014 (7th Cir. 1997) (holding that to survive a motion to dismiss, the plaintiff need only allege that "the protected activity and the adverse action were not wholly unrelated").

Defendant also argues that plaintiff failed to articulate whether he is proceeding under the "direct" or "indirect" method of proof. (Mot. to Dismiss at 5; Reply at 2.) But plaintiff is not required to do so; he need only make allegations that, if true, would permit a reasonable jury to conclude that the Hospital fired him because he brought an employment discrimination lawsuit against Weil. *See Ortiz v. Werner Enters.*, 834 F.3d 760 (7th Cir. 2016) (holding that all evidence belongs in a single pile and must be evaluated as a whole).

Taking all plaintiff's allegations as true and drawing all reasonable inferences in his favor, plaintiff has pleaded that he engaged in a statutorily protected activity, his relationship with the Hospital became increasingly strained after the Hospital was informed of his engagement in the protected activity, and the Hospital subsequently discharged him. This is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Plaintiff's claim contains sufficient factual matter to meet the plausibility standard of *Twombly* and *Iqbal*. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (stating that "[a] complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents"). Defendant's motion to dismiss on this ground is denied.

**B. Retaliation for Engagement in Protected Activity Against a Different Employer**

Alternatively, defendant argues that plaintiff fails to state a claim for retaliation because plaintiff filed an ADA charge against Weil, not the Hospital, and it would be "impossible for [the Hospital] to retaliate for an action to which it was not a party." (Mot. to Dismiss at 7, ECF No. 56.)

Plaintiff argues that 42 U.S.C. § 12203 does not require an employer charged with retaliation to be the same employer charged in the underlying discrimination charge. (Resp. Br. at 6, ECF No. 64.)

Plaintiff is correct. The statute says nothing about whose unlawful employment practice the individual must have opposed or who he must have "made a charge" against. 42 U.S.C. § 12203. The plain meaning of the statute is that "[n]o employer may retaliate against someone who makes or supports a charge of discrimination against *any* employer." *Flowers v. Columbia Coll. Chi.*, 397 F.3d 532, 534 (7th Cir. 2005) (reversing the district court's decision to dismiss a Title VII retaliation claim because the phrase "against his employer" does not appear in 42 U.S.C. § 2000e-3(a))); *see Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 385 (7th Cir. 2016) (citing *Flowers*).[1] Section 12203 does not make the distinction defendant would draw between current and former employers. *See Flowers*, 397 F.3d at 533 ("[N]o one may follow the rule 'we do not employ anyone who has ever made [a charge of employment discrimination] against a prior employer.'").

Defendant also contends that plaintiff filed his complaint upon an "unpled theory that Weil and [the Hospital] are joint-employers for purposes of the [o]riginal suit," because "it would be impossible for [the Hospital] to retaliate for an action to which it was not a party." (Mot. to Dismiss at 6-7.) Defendant argues that because plaintiff cannot establish that Weil and the Hospital are joint employers, he cannot hold the Hospital liable for Weil's actions. (*Id.*) However, plaintiff does not allege that the Hospital is responsible for Weil's discriminatory actions; rather, he alleges that the Hospital itself retaliated against plaintiff by terminating him because of the complaint he filed against Weil. (Resp. at 7.) Because plaintiff is not attempting to hold the Hospital liable for Weil's conduct, and there is no doubt that plaintiff and defendant were in an employer-employee relationship, the joint-employer doctrine is inapplicable.

---

[1] Defendant argues that Title VII case law is inapposite, but "[b]ecause the ADA's anti-retaliation provision, 42 U.S.C. § 12203(a), uses comparable language to that of Title VII, 42 U.S.C § 2000e-3(a), Title VII retaliation cases provide guidance for the assessment of ADA retaliation claims." *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009).

The Court agrees with plaintiff that the ADA prohibits an employer from retaliating against its employee for complaining of disability discrimination by a different employer. Defendant's motion to dismiss is denied with respect to this claim.

## II. BREACH OF EMPLOYMENT AGREEMENT

Defendant moves to dismiss plaintiff's breach of employment agreement claim for lack of jurisdiction. Defendant argues that "in order for there to be pendent jurisdiction in federal court over state law matters, the matters must arise out of a common nucleus of operative fact." (Reply at 6 (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 348, 349 (1988).) Defendant points out that the only overlapping fact between the retaliation claim and the breach of employment agreement claim is that both arise out of the employment relationship. (*Id.*)

Plaintiff argues that both claims against the Hospital stem from the common nucleus of "[p]laintiff's employment at [the Hospital] and [p]laintiff's . . . employment agreement." (Resp. at 11.) Plaintiff also argues that exercising jurisdiction over this claim is in the interest of judicial economy pursuant to *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (holding that a district court should weigh judicial economy, convenience, fairness and comity when determining the appropriateness of exercising pendent jurisdiction).

The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), states that district courts have supplemental jurisdiction over claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims are part of the same case or controversy if they "derive from a common nucleus of operative facts." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). This means that the facts necessary to prove the elements of each claim must be "sufficiently overlapping so that we would generally expect the parties to resolve the claims in one

8

judicial setting." *Lynam v. Foot First Podiatry Ctrs., P.C.*, 919 F. Supp. 1141, 1148 (N.D. Ill. 1996).

The facts that are relevant to the resolution of plaintiff's retaliation claim are completely separate and distinct from the facts that bear on plaintiff's breach of employment agreement claim. "The mere fact that claims arise from an employment relationship is, by itself, insufficient to warrant the exercise of supplemental jurisdiction." *Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1093 (N.D. Ill. 2005); *see Eager v. Commonwealth Edison Co.*, 187 F. Supp. 2d 1033, 1040 (N.D. Ill. 2002) (finding no supplemental jurisdiction where Title VII sexual discrimination claim did not "involve the same set of facts that animated the state claims" and the state claims were so unrelated that the federal claim "would be unaffected if the [state] claims were dismissed"); *Farr v. Cont'l White Cap, Inc.*, No. 90 C 4521, 1992 WL 57198, at *1 (N.D. Ill. Mar. 16, 1992) (finding no common nucleus of fact between ADEA claim for constructive discharge and breach of contract claim concerning plaintiff's bonus because the "mere fact that both claims arose from [plaintiff's] employment . . . is insufficient to warrant exercise of this court's pendent jurisdiction").

Plaintiff alleges that the Hospital's retaliation began on or around February 14, 2017, when the Hospital learned of his ADA charges against Weil (Am. Compl. ¶ 7); however, he alleges that the breach of employment agreement began July 25, 2014, the date that he signed. (*Id.* at ¶ 136.) Plaintiff does not allege that the Hospital's breach of employment agreement was part of the Hospital's retaliation against him, and thus fails to develop a "central fact pattern" sufficient to warrant this Court's exercise of supplemental jurisdiction. *Lynam,* 919 F. Supp. at 1148. *See also Tucker v. Montgomery Ward & Co.,* No. 86 C 9734, 1987 WL 14616, at *3 (N.D. Ill. July 17, 1987) (dismissing state law claim where the only shared operative fact between the federal and state law claims was plaintiffs' discharge).

9

Because the Court concludes that the claims are not sufficiently related to justify the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), the Court need not weigh factors such as judicial economy, convenience, fairness, and comity. *See City of Chi. v. Int'l. Coll. of Surgeons*, 522 U.S. 156, 173 (1996); *see also Timm v. Mead Corp.*, 32 F.3d 273, 276-77 (7th Cir. 1994).

The motion to dismiss plaintiff's breach of employment agreement claim is granted.

## **CONCLUSION**

For the reasons set forth above, the Court grants in part and denies in part the Hospital's motion to dismiss [56]. The motion is granted as to plaintiff's breach of employment agreement claim, which is dismissed without prejudice for lack of supplemental jurisdiction. The motion is denied as to plaintiff's ADA retaliation claim. Status hearing remains set for November 14, 2018.

**SO ORDERED.**                                          **ENTERED: November 6, 2018**

_____
**HON. JORGE ALONSO**
**United States District Judge**